## IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ERIC W. JOHANSON AND ANDREA M. JOHANSON | : CHAPTER 13<br>: NO. 22-11992/pmm<br>: |
| Freedom Mortgage Corporation<br>Movant | : |
| v. | : |
| Eric W. Johanson and Andrea M. Johanson<br>Respondents | : 11 U.S.C. Sec.362 |

### DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER SEC.362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001 OF FREEDOM MORTGAGE CORPORATION

Debtors, by their counsel, Bradly E. Allen files this Response.as follows:

1. Admitted.
2. Admitted.
3. Denied. The averment in this paragraph is a legal conclusion to which no response is required.
4. Admitted in Part, Denied in Part. It is admitted that Debtors were behind on their post-petition mortgage payments at the time that the Motion for Relief was filed. However, Debtor made a payment to the mortgage company online in the amount of $4,076.00 which cured the post-petition arrears through November of 2024.
5. Denied. The averments in this paragraph is a legal conclusion to which no response is required.

6. Denied. The averments in this paragraph is a legal conclusion to which no response is required.

7. Denied. The averments in this paragraph is a legal conclusion to which no response is required.

8. Denied. The averments in this paragraph is a legal conclusion to which no response is required.

9. Denied. It is specifically denied that Movant should be awarded reimbursement in the amount of $1,049.00 for legal fees and costs since this amount is excessive.

10. Denied. It is specifically that Movant has cause to have the Automatic Stay terminated since Debtors have made all of their ongoing mortgage payments through October of 2024.

11. Denied. The averment in this paragraph requires no response.

12. Denied. It is specifically denied that there are grounds for the waiver of Rule 4001(a)(3) and that Movant should be allowed to immediately enforce and implement the Order granting relief form the Automatic Stay.

13. Denied. It is specifically denied that Federal Rule of Bankruptcy Procedure 3002.1 should be waived.

WHEREFORE, Debtors respectfully request this Honorable Court to deny the Motion for Relief from the Automatic Stay of Freedom Mortgage Corporation.

Dated: 11-29-24

s/ Bradly E. Allen
BRADLY E. ALLEN,
Attorney for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
    ERIC W. JOHANSON AND
    ANDREW M. JOHANSON
: NO. 22-11992/pmm
    Debtors

## ORDER

**AND NOW**, this _____ day of _____, 20____. Upon consideration of the Motion of Freedom Mortgage Corporation (Movant), it is

**IT IS HEREBY ORDERED** that their Motion for Relief from the Automatic Stay is denied.

BY THE COURT;

/s/_____
HONORABLE PATRICIA M. MAYER
U.S. BANKRUPTCY JUDGE